UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GERARDO CHACON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE FRAM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No. 2:16-cv-00965-RFB-VCF<br><br>**ORDER** |

### I.　INTRODUCTION

Before the Court is Defendant's Motion to Dismiss. ECF No. 5. For the reasons stated below, the Court grants the motion.

### II.　BACKGROUND

Defendant filed the petition for removal with attached complaint on April 4, 2016. ECF No. The Complaint asserts the following claims: (1) Breach of Contract, (2) Breach of Duty of Good Faith, (3) Negligence, and (4) Negligence Per Se for violation of NRS 686A.310 et seq. and NAC 686A.600 et seq. Defendant filed the Motion to Dismiss on May 4, 2016. ECF No. 5. The Motion attacks only the (3) and (4) claims for Negligence and Negligence Per Se on the grounds that they are not legally cognizable in this context. Plaintiff responded on May 20, 2016, and Defendant replied on May 27, 2016. ECF Nos. 10, 11.

**III.  LEGAL STANDARD**

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

**IV.  SUMMARY OF ALLEGED FACTS**

The Court incorporates by reference the factual allegations of the Complaint. The Court does make note of the following allegations in the Complaint. On May 13, 2012, Plaintiff was rear-ended as the vehicle slowed down for traffic. Helen Danshell Gooch ("Gooch") was driving the fourth vehicle in a line of four, and the resultant chain of rear-ends led to plaintiff being rear-ended. Gooch was negligent and liable for Plaintiff's damages. At the time of the accident, Gooch was covered by Geico with limits of $15,000 per person and $30,000 per accident. Plaintiff was insured for underinsured motorist ("UIM") coverage under policy #0786072-E02-28 with coverage limits of $100,000.00 per person and $300,000.00 per accident. On November 8, 2013, Chacon presented Defendants with proof of claim for damages for injuries to his neck and back. The proof contained billing showing he had incurred $86,821.28 in medical treatment as a result of the accident, and provided a copy of the Accident Report. Based on the proof of claim, Chacon demanded the policy limit of $100,000 and gave Defendants 30 days to evaluate the plan. On April 23, 2015, Defendants sent correspondence stating that they were only able to consider and thus offer $7,020 medical special damages for Chacon's urgent care visit, physical therapy, and massage therapy under the UIM plan.

Plaintiff alleges that Defendants unreasonably and unfairly denied him coverage by failing to adequately investigate and evaluate his claim, or provide him reasons for their denial determination. Among other deficiencies in the coverage investigation, Plaintiff alleges: failure to take a recorded statement of Chacon; failure to consider sufficient pain and suffering damages and/or diminished earning capacity damages, or if they did, failure to inform Chacon in writing of their evaluation or the basis for them; failure to consult with a spine surgeon; failure to follow up with Dr. Schifini after being notified of additional treatment; and failure to have or articulate a basis for Schifini's pre-existing condition determination.

## V.    DISCUSSION

In this Motion to Dismiss Defendants argue only that the claims of negligence and negligence per se are not legally cognizable in this case.

### A.  Legal Standard

"To establish a prima facie case of bad-faith refusal to pay an insurance claim, the plaintiff must establish that the insurer had no reasonable basis for disputing coverage, and that the insurer knew or recklessly disregarded the fact that there was no reasonable basis for disputing coverage." Powers v. United Services Auto. Ass'n, 962 P.2d 596, 702-03 (Nev. 1998). "Negligence per se is not a distinct cause of action from negligence, but rather a means of establishing the duty and breach elements of a negligence claim, "if the injured party belongs to the class of persons that the statute was intended to protect, and the injury is of the type against which the statute was intended to protect." Ashwood v. Clark County, 930 P.2d 740, 743-44 (Nev. 1997).

The Nevada Supreme Court does not appear to have directly addressed whether a plaintiff may plead negligence per se for underlying conduct for which there is a synonymous statutory private right of action. NRS 686A.310 provides its own statutory private cause of action: "In addition to any rights or remedies available to the Commissioner, an insurer is liable to its insured for any damages sustained by the insured as a result of the commission of any act set forth in subsection 1 as an unfair practice." NRS 686A.310(2).  Subsection 1 of 686A.310 provides various

possible grounds for a claim under Subsection 2 including, but not limited to: a.) "[f]ailing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies and b.) "[f]ailing to provide promptly to an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the denial of the claim." Id. At 686A.310(1)(c), (n).

Nevada also recognizes a common law tort for violation of the good faith covenant in the insurance context. "Nevada law recognizes the existence of an implied covenant of good faith and fair dealing in every contract. An insurer fails to act in good faith when it refuses without proper cause to compensate the insured for a loss covered by the policy." Pemberton v. Farmers Ins. Exchange, 858 P.2d 380, 382 (Nev. 1993) (internal citations and quotation marks omitted). "[W]e hold that that an insured may institute a bad faith action against his or her insurer once the insured establishes "legal entitlement" and unreasonable conduct by the insurer concerning its obligations to the insureds." Id. at 384. "Legal entitlement has been interpreted to mean that the insured must be able to establish fault on the part of the uninsured motorist which gives rise to the damages and to prove the extent of those damages." Id. (internal citations and quotation marks omitted). "To establish a prima facie case of bad-faith refusal to pay an insurance claim, the plaintiff must establish [1] that the insurer had no reasonable basis for disputing coverage, and [2] that the insurer knew or recklessly disregarded the fact that there was no reasonable basis for disputing coverage." Powers v. United Services Auto. Ass'n, 962 P.2d 596, 702-03 (Nev. 1998).

The Nevada Supreme Court has recognized that where an analogous statutory remedy exists, that would provide the same kind of relief for the same kind of conduct, the legislature has defined the scope of the remedy, and no claim will lie in tort. See Sands Regent v. Valgardson, 777 P.2d 898, 900 (Nev. 1989) ("Moreover, as noted hereafter, the Legislature has addressed the gravity of violating Nevada's public policy against age discrimination by defining the extent of the remedy available to parties injured by such discrimination.) (emphasis added) (finding that where the public policy at issue was insufficiently strong and the legislature had created an adequate statutory remedy, a remedy in tort would not lie); See also D'Angelo v. Gardner, 819 P.2d 206, 216-17 (Nev. 1991) (recognizing the principle of preclusion but finding an exception where similar

damages would not be available). It follows that a Plaintiff cannot simply create a tort action in negligence per se for violation of any statute that includes its own statutory private right of action. To allow such pleading would effectively create a second cause of action for every statutory cause of action, undermining the legislative intent as to the statutory remedy.

### B. Discussion

Plaintiff argues that there is unambiguously a private right of action under NRS 686A.675 and that because Nevada law does not preclude a private right of action, a remedy should lie in negligence. Plaintiff relies principally on Insco v. Aetna Health & Life Ins. Co., 673 F. Supp 2d 1180 (D. Nev. 2009). The Court in Insco found that a private right of action would lie in negligence where the statutory scheme did not explicitly create a private right, but where it should not be read to preclude one. The Insco Court dismissed an implied covenant claim on the grounds that the claim was not rooted in the insurance contract or any expectations created thereby.

The Court rejects the Plaintiff's argument. Under Nevada law, there exists a statutory scheme under NRS 686.310 et seq., which provides a private right of action for various misconduct by insurance companies when dealing with those that they insure. There also exists a more specific common law tort, which provides a cause of action for bad-faith failure to pay insurance claims. As alleged in the Complaint, Plaintiff's claim of negligence per se derives from and references the duties created under NRS 686A.310.  The same duties explicitly give rise to a private right of action by the insured for any violation of these prescribed duties.  The existence of such a statutory scheme with a private right of action to address particular alleged conduct would and does preclude the recognition by this Court of an additional and parallel common law tort for negligence per se for the very duties established under NRS 686A.310 et seq. See Sands Regent v. Valgardson, 777 P.2d at 900 (Nev. 1989). Plaintiff's claim for negligence is based on Defendants' "failure to conduct itself in a reasonable manner in its adjusting and evaluating of Plaintiff's UIM Claim." This is a claim in tort for unlawful failure to pay an insurance claim, and thus falls within the existing, more specific tort for bad-faith failure to pay, which Plaintiff has pled in Count II. The Court therefore rejects these claims, but will permit the Plaintiff to amend his Complaint to add

the particular claims available under NRS 686A.310.

### VI.   CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss the third and fourth claims for negligence and negligence per se is GRANTED.

**IT IS FURTHER ODERED** that Plaintiff will have 30 days to amend the complaint to include a statutory claim(s) pursuant to NRS 686A.310.

**DATED** this 29th day of March, 2017.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**