1 | **GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
2 | **BENJAMIN J. CARMAN, ESQ.**
Nevada Bar No. 12565
3 | **RANALLI ZANIEL FOWLER & MORAN, LLC**
2400 W. Horizon Ridge Parkway
4 | Henderson, Nevada 89052
Telephone: (702) 477-7774
5 | Facsimile: (702) 477-7778
Attorneys for Defendant,
6 | STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **GERARDO CHACON** | Case No. 2:16-cv-00965-RFB-VCF |
| Plaintiff, | |
| v. | |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; ROE INSURANCE COMPANY; DOES I through X, inclusive, and ROE CORPORATIONS I through X, inclusive** | |
| Defendant | |

## STIPULATION AND ORDER FOR PROTECTIVE ORDER

WHEREAS Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ("Defendant") has in its possession or under its control certain documents, testimony, or information that may

contain or comprise attorney-client documents, work product documents, trade secrets documents, and personal information and financial documents which are considered confidential, sensitive and/or proprietary by Defendant (hereinafter the "Protected Documents"); and

WHEREAS Plaintiff to this action GERARDO CHACON ("Plaintiff") without conceding privacy, the confidentiality, sensitivity or proprietary nature of such documents, wishes to have access to the Protected Documents for purposes of prosecuting this lawsuit;

WHEREAS Defendant contends that it could suffer irreparable harm if the Protected Documents or their contents were subjected to unauthorized disclosure; and,

WHEREAS Plaintiff contends that Defendant might be required to also provide copies of such Protected documents to the other parties in this case not identified above;

NOW, THEREFORE, the parties hereto hereby stipulate as follows:

1. Any documents to be produced subject to this protective order shall, prior to being produced by Defendant, be stamped with a notation on each page thereof stating the following:

**PROTECTED DOCUMENT**
*State Farm adv. Chacon*, United States District Court, District of Nevada Case No. 2:16-cv-00965-RFB-VCF.

This document is subject to a protective order. Unauthorized disclosure is prohibited.

Failure to stamp any such document at the time of its production shall constitute a rebuttable presumption that such document is not subject to the terms and conditions of this protective order.

2. Counsel for the parties receiving copies of Protected Documents stamped as provided in paragraph 1, above, shall treat such documents and their contents as confidential, to be used only for the purposes of this litigation. In particular, counsel shall not give, show or disclose the contents of any such document to any other person or entity except:

    (a)    The Court and its employees under seal;

    (b)    The parties' counsel of record, including partners and associate attorneys, and paralegal assistants, stenographic and clerical employees when working under the direct supervision of the counsel of record;

    (c)    The parties' experts, consultants, agents, employees, officers, directors and investigators who are or will be consulted or retained to assist the parties in their preparation for and conduct of pretrial and trial proceedings in this litigation;

    (d)    Court reporters and witnesses during depositions, hearing or trial. Disclosure of the identity of said

1 consultants provided by paragraph 4 below, shall not be deemed a
2 waiver of either the attorney-client, or the attorney work
3 product privileges, nor a disclosure of expert witnesses,
4 pursuant to Federal Rules of Civil Procedure, rule 26(c-d).

5     3.    Prior to providing or disclosing Protected Documents
6 to any person described in subparagraphs 2(b) and/or 2(c),
7 above, the parties' counsel shall first inform such person that
8 the Protected Documents are to be treated as confidential, to be
9 used only for purposes of this litigation, and that these
10 restrictions are imposed by court order.

11     4.    Prior to providing Protected Documents to any person,
12 pursuant to section 2(c), above, the parties' counsel shall
13 first provide such person with a copy of this protective order
14 and have such person execute an acknowledgment and agreement to
15 be bound by the terms of this protective order in the following
16 form:

17 <u>ACKNOWLEDGMENT AND AGREEMENT RE: PROTECTED DOCUMENTS</u>

18     The undersigned acknowledges that a protective order has
been entered in the United States District Court, District of
19 Nevada in case number 2:16-cv-00965-RFB-VCF entitled State Farm
adv. Chacon.  The undersigned acknowledges that he/she/it has
20 received and read a copy of the protective order, understands
the contents thereof, and agrees to be bound by its terms.
21
    The undersigned acknowledges that violation of the terms of
22 this protective order could subject the undersigned to sanctions
or damages as provided by law.
23
    The undersigned expressly submits to the jurisdiction of
24 the Federal District Court for the District of Nevada for

purposes of any action which might be necessary to enforce the terms of this protective order.

DATED: _____
DATED: _____

and retain such signed acknowledgment in its file, pending the final disposition of this action.

5.  The disclosure or production by defendant of protected documents pursuant to this protective order shall not be deemed to concede the relevancy, competency or admissibility of any document or of any matter set forth therein, and is not intended to be a waiver of any privilege.

6.  Any documents stamped as containing any confidential information or any reference thereto, including, without limitation, all deposition transcripts, document requests and responses thereto, interrogatories, interrogatory answers, other discovery documents, briefs, motions, declarations, and/or points and authorities shall be subject to this protective order and shall not be served on or provided to any person other than the Authorized Parties designated in paragraph 2.

7.  Upon request of the disclosing party and not later than thirty (30) days following the final disposition of this action, whether by dismissal, settlement, final judgment or otherwise, counsel for all other parties shall destroy all copies of the protected documents in their possession or under

their control, including copies provided to experts, consultants and any other person described in subparagraphs 2(c). Counsel shall provide written notice to defendant's counsel upon request that the terms of the protective order have been complied with by counsel of record by the parties, and that the files in plaintiff's control have been destroyed.

8. Nothing in this protective order shall be deemed as a waiver of the parties' right to assert the attorney-client privilege and work product doctrine over any documents it deems appropriate and withhold such documents on this basis.

9. This protective order encompasses the complete and entire agreement between the parties. The terms of this protective order shall not be modified except by a subsequent writing signed by both parties, and ordered by the Court.

10. Should any third party seek access to the protected documents, by request, subpoena or otherwise, the specific parties or other recipient of the protected documents, as applicable, shall promptly notify defendants' counsel, and shall cooperate with defendants in resisting any efforts by third parties to obtain protected documents from the specified parties or other person, unless otherwise compelled by court order or law to release the protected documents.

Any dispute which arises under this stipulation and order, including any effort to contest the designation of protected

documents as confidential, shall be resolved by motion made before the court upon not less than 20 days written notice.

Dated: July 5, 2017                    Dated: July 5, 2017

RANALLI ZANIEL FOWLER & MORAN, LLC     G. DALLAS HORTON & ASSOCIATES

__/s/ Benjamin Carman__                __/s/ David Thomas, Esq.__
GEORGE M. RANALLI, ESQ.                DAVID L. THOMAS, ESQ.
Nevada Bar No. 5748                    Nevada Bar No. 3172
BENJAMIN J. CARMAN, ESQ.               4435 South Eastern Avenue
Nevada Bar No. 12565                   Las Vegas, Nevada 89119
2400 W. Horizon Ridge Parkway          Attorney for Plaintiff
Henderson, Nevada 89052
Attorneys for Defendant

**ORDER**

IT IS SO ORDERED:

Dated: 7-5-2017 _____

_____
UNITED STATES MAGISTRATE JUDGE
Cam Ferenbach